# Southern Railway Co. *v.* Anniston Foundry & Machine Co.

*Action by Shipper against Railroad Company to recover Overcharge on Freight.*

1. *Common carrier; overcharge illegal; authorizes recovery.*—A common carrier who charges and collects from a consignor or consignee a higher rate of freight than that stipulated in a bill of lading, violates the statute, (Code, § 3460), and the person paying such overcharge is entitled to recover the same, and in the absence of its being shown that the rates charged and collected had been previously approved by the Railroad Commission, such person is entitled to recover twice the amount of the damages sustained.

2. *Common carrier; bound for act of agent when performed in the scope of his agency.*—A depot or freight agent of a railroad company fixing a rate on freight to be shipped over said company's road, and specifying the rate so fixed in the bill of lading so issued by him, is acting within the scope of his agency, and any mistake or error committed by him in contracting with the shipper, is binding upon the railroad company.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

The facts of the case are sufficiently stated in the opinion.

KNOX, BOWIE & BLACKMON, for appellant.—Where a local agent of a common carrier, without authority, issues a bill of lading fixing a lower rate than that which he is authorized to charge, and where the shipper is aware that the rate fixed is incorrect, and that the agent is without authority to grant the same, the carrier has the right to correct the bill of lading, or to require the shipper to pay the true amount.—*So. Ry. Co. v. Harrison,* 119 Ala. 539; *M. & O. R. R. Co. v. Dismukes,* 94 Ala. 131; *McFadden v. R. R. Co.,* 92 Mo. 343; 1 Amer. Rep. 721; 4 Amer. & Eng. Enc. of Law, (2d ed.), 530, 531.

A. P. AGEE, *contra,* cited *L. & N. R. R. Co. v. Fulgham,* 91 Ala. 555; *Railway Co. v. Steiner,* 61 Ala. 559; *Railway Co. v. Wilson,* 18 L. R. A., 105; *Railroad Co. v. Closer,* 9 L. R. A. 759; *Cox v. Peterson,* 30 Ala. 612; 4 Amer. & Eng. Enc. of Law, 526, 536, 537, 540.

DOWDELL, J.—This suit was commenced by the appellee in the justice court against the appellant, railroad company, to recover damages for overcharges on two carload shipments of coal from Blossburg to Anniston, Ala., consigned to appellee. A judgment was rendered by the justice in favor of the plaintiff, from which the defendant appealed to the city court of Anniston, where the cause was tried by that court without a jury, *de novo* on the merits, and a judgment rendered for the plaintiff.

The complaint contained four counts. The first claimed for money paid at the request of the defendant, the second and third for overcharges on freight, and the fourth for damages for unjust discrimination. In the second, third and fourth counts, there was also a claim for an attorney's fee. A demurrer was interposed to the three last counts, which was sustained as to the claim for the attorney's fee. No formal amendment was made as to these counts after the ruling on the demurrer, by striking out of the counts the claim for the

attorney's fee; but without objection, the trial was proceeded with and had on these counts as though a formal amendment had been made. The claim for attorney's fees was treated both by the parties and the court as having been eliminated by the ruling on the demurrer. The contention of counsel for appellant in argument on this question, seems to us to be without merit.

In answer to the claim for damages for overcharges made in the second and third counts of the complaint, the defendant's pleas allege that the rate of fifty cents per ton on the coal fixed in the bill of lading was a mistake on the part of its agent, who issued the bill, and that seventy cents per ton, the amount required of, and collected from the plaintiff, was the true and correct rate, and that this rate was approved by the Railroad Commission of Alabama, and that the same had been posted at all of the freight depots along the line of its road. On the trial, the evidence, without conflict, showed that for each of the two shipments of coal, a bill of lading was issued, in which the freight rate was fixed at fifty cents per ton, that upon the delivery of the coal the plaintiff, consignee, was required to pay, and did pay, seventy cents per ton rate. The averment in the plea as to the rate of seventy cents per ton having been approved by the Railroad Commission of the State, was not proven, nor did the evidence show that this tariff rate had been posted at the freight depot of the defendant company in Anniston. It was on this state of the evidence, that the city court rendered judgment in favor of the plaintiff, and which is here assigned as error. The bill of lading, which was the contract of affreightment between the plaintiff and defendant, stipulated for a rate of fifty cents per ton on the coal, and a demand for a greater rate than that specified in the bill, is by the statute declared to be extortion, and a liability in double the amount of the damages sustained by the injured party is created, unless it appears, that the service as to which the extor-

tion was committed, was performed at rates or upon terms previously approved by the Railroad Commissioners, and then only to actual damages.—Code, § 3460. There can be no doubt but that under the provisions of this statute, and on the undisputed evidence in the case, the charge made by the defendant of seventy cents per ton, was illegal. The payment by the plaintiff of the seventy cents rate was not voluntary; the evidence is that it was made under protest. The right of the plaintiff to sue and recover back the amount of the overcharges paid, as a question of law is clear.—*L. & N. R. R. Co. v. Fulgham*, 91 Ala. 555; *M. & M. Ry. Co. v. Steiner*, 61 Ala. 559.

It is contended by the defendant that the fifty cents rate specified in the bill was an error of the agent, and, again that he exceeded his authority in giving that rate to the plaintiff. The answer is, that the agent was acting within the scope of his agency in issuing the bill, and as to any error of his in contracting with the plaintiff for a rate, that is a matter between him and his principal.—*Southern Express Co. v. Boulemet & Perkins*, 100 Ala. 275.

It is also urged, that the plaintiff knew that the regular and general tariff rate made by the defendant on coal from Blossburg to Anniston was seventy cents per ton. This is of no consequence, for it also appears that the plaintiff knew that the defendant was giving special rates of fifty cents per ton, to certain industrial enterprises at Anniston, and the plaintiff was engaged in like industrial enterprise, and was contracting with a view to obtaining this same rate.

On the law and the undisputed evidence in the case, the judgment of the city court, under the second and third counts of the complaint, is fully supported.

We are requested by counsel for appellee to express an opinion on the question raised under the fourth

count, as to the right of the defendant to discriminate in giving special rates under the provision of section 3462. The necessities of the case do not require it. Our judgment here affirms the judgment of the city court on other counts, and that is the end of this litigation. We think it the safer rule, for courts of last resort to avoid discussions of questions and the expressions of opinion, which are unnecessary to a final determination of the case. Legal essays find a more appropriate place in law magazines than in the official reports of decisions.

There is no reversible error in the record, and the judgment will be affirmed.