# St. Louis & San Francisco R. R. Co. v. Cash Grain Co.

## Damages For Failure to Deliver Goods.

### (Decided June 10, 1909. 50 South. 81.)

1. *Carriers of Goods; Action; Defenses.*—Where the action is against a carrier for failure to deliver within a reasonable time a plea as an answer thereto which fails to show that the cars referred to in the plea contained the freight or that the shipper was responsible for the matters therein set up and which does not show that the matters set up therein might not have had reference to another or different shipment, is bad on demurrer.

2. *Same; Classification; Effect.*—Where a carrier classifies goods received for shipment with knowledge of their character and collects the freight for shipment and delivery of the goods under such classification, it cannot avoid the contract of shipment, or its liability for failure to ship according to contract on the asserted ground that the goods did not belong to the class named.

3. *Evidence; Value of Property.*—Where goods were shipped to J. it was admissible to show the value of such goods at B. in determining their value at J.

4. *Same; Opinion Evidence; Damages.*—A shipper suing for injury to goods delivered to a carrier for shipment may, under the circumstances in this case, give his opinion as to the amount of damages claimed, since the rule that a witness may not testify as to his opinion of the amount of damages from a breach of contract or wrong is subject to certain restrictions or limitations.

5. *Same.*—Where one evidences by his testimony that he knows the value of the goods before the injury and after the same and speaks of the difference in the value before and after the injury in stating the amount of damages he was competent to testify as to the measure of damages.

6. *Same; Admissions.*—Where one presents a claim with a view of reaching an amicable adjustment of the dispute the amount of the claim cannot be shown as an admission of the extent of the loss.

APPEAL from Walker Law and Equity.

Heard before Hon. T. L. SOWELL.

Action by the Cash Grain Co., against the St. L. & S. F. R. R. Co. for damages for failure to deliver goods. Judgment for plaintiff and defendant appeals. Affirmed.

[St. Louis & San Francisco R. R. Co. v. Cash Grain Co.]

BANKHEAD & BANKHEAD, for appellant.—Charges 2 and 4 should have been given.—3 Ency P. & P. 851-2. Charge 3 should have been given.—*L. & N. v. Gilmer,* 89 Ala. 534; 4 A. & E. Ency of Law, 523. Charges 6, 7 and 8 should have been given.—Cyc. 530; *L. & N. v. Gilmer, supra; Echols v. L. & N.,* 90 Ala. 366. The court erred in allowing plaintiff to give his estimate or opinion as to the damages sustained.—*Young v. Cureton,* 87 Ala. 728; *M. & W. P. R. R. Co. v. Varner,* 19 Ala. 186; *A. & F. Co. v. Burkett,* 42 Ala. 83. The court should have allowed the defendant to prove the claim presented by the plaintiff.—*A. G. S. v. Brooks,* 135 Ala. 402; *Moore v. Crosswaithe,* 135 Ala. 272; *Humes v. O'Brien,* 74 Ala. 64.

ACUFF & COONER, ERNEST LACY and LEITH & GUNN, for appellee.—The plaintiff had a right to bring the action on the assigned bill of lading and hence, no variance occurred.—*L. & N. v. Landers,* 135 Ala. 504. On this authority the charges were properly refused. Under the facts in this case the plaintiff was properly allowed to give his estimate of damages.—*Nelson v. Shelby,* 96 Ala. 515; *Turnley v. Hanna,* 82 Ala. 139; *Elliott v. Stock,* 67 Ala. 290. The court did not err in refusing to permit the defendant to prove the amount claimed in an effort to reach an amicable settlement.—*Collier v. Collins,* 103 Ala. 281; *Jackson v. Clopton,* 66 Ala. 29.

MAYFIELD, J.—The appellee sued the appellant, a common carrier, to recover damages as for conveying and delivery of certain goods described in the complaint. One count claimed damages for failure to deliver, one for failure to deliver in good condition, and one for failure to deliver within a reasonable time.

Plea 2 was palpably bad, and was clearly no answer to the third count of the complaint, to which it was ad-

dressed. It did not allege or show that the two cars referred to in the plea contained the goods in question, or that the plaintiff was bound by or responsible for the matters set up in the plea. So far as the plea shows, it may have had reference to an entirely different shipment of goods, and to a different contract from the one made the basis of the complaint.

There was ample evidence to support a verdict for plaintiff under either count of the complaint. There was certainly no material variance between the proof and all the counts; hence those charges, which were the general affirmative charges, were properly refused.

The bill of lading contained no provisions sufficient to prevent a recovery under the pleadings and proof in this case. The character and the quality of the goods shipped were known, or could and should have been known to the defendant. It knew that they were not all "canned goods" when they were· shipped, but by an agreement it engaged to class the whole lot as such, and thus classified and knowingly billed them out, and collected freight for shipment and delivery as such; hence it should not now be allowed to avoid the contract because of the classification which it made itself, nor to avoid liability for its failure to ship and deliver according to its contract. If any one was at fault in the matter, it was the defendant. A party should not profit by his own fault or wrong.

This court does not know that there is such a difference between the value of the goods in question at Birmingham and that at Jasper as to render evidence of their value at either place inadmissible in determining their value at the other. As was said by this court in the case of *Ward v. Reynolds*, 32 Ala. 390: "It is possible that two places may be so remote and the markets so diverse that the value at one place would afford no

aid to the mind in determining the value at the other. But such does not appear to have been the case here." There is no evidence that tends to show that defendant was injured, or could have been injured, by evidence as to the value of the goods at any place other than that of the destination. As to some of the goods, it might have been necessary to show their value at Birmingham, as a means of proving their value at Jasper. So there is nothing in the objections as to the venue of the proof of value.

As a rule, a witness or a party is not allowed to testify as to his opinion of the amount of damages suffered in consequence of a breach of contract, or of a wrong the basis of the action for damages. Witnesses in this matter, as in most others, can only testify to the facts, and must leave it to the jury to draw the conclusions from the facts. This is peculiarly the province of the jury, and not that of the witnesses.—*Montgomery, etc., Co. v. Varner,* 19 Ala. 185; *Young v. Cureton,* 87 Ala. 728, 6 S, uth. 352; *Alabama, etc., Co. v. Burkett,* 42 Ala. 83. But this rule has limitations or exceptions. It does not exclude all evidence as to the amount of damages in all cases. The case at bar is clearly not within the rule above announced, and, if it were, the evidence complained of was obviously rendered harmless by the subsequent answers of the witness, and consequently it affirmatively appears that no injury resulted. While some of the questions propounded to the plaintiff, as to the damages suffered, were improper and subject to the objections assigned, and some of the answers thereto (or, at least, parts thereof) may have been subject to defendant's objections thereto, yet all of the questions and all of the answers, as to this matter of damages, taken together show that no possible injury resulted from the improper question, or from the answer, or a part thereof.

It is conceded by appellant that the proper measure of damages was the difference between the value of the goods as injured or destroyed, and their value if delivered in good order; and it clearly appears from the witness' answer that it was this difference of value, and it alone, to which he referred when he spoke of the damages. He says so in plain and unmistakable language. He was shown to know their value before and that after the injury, and that the difference was what he referred to when he spoke of it as the amount of his damages. So the result was the same as if he had testified first to the value of the goods in the injured condition, and then as to their value in good condition, or the condition in which the defendant received them. It has, however, been held by this court that a witness might give his opinion as to the amount of damages or injury to a mule or to a slave, when the only damage referred to was the difference between the value of the slave or mule before and that after the injury; and thus such evidence was not within the rule first announced in *Varner's Case*, 19 Ala. 195, and subsequently followed. In fact, *Varner's Case* is expressly referred to and distinguished therefrom. *Johnston's Case*, 37 Ala. 459, 460; *Ward v. Reynolds, supra*.

The court properly declined to allow defendant to prove that plaintiff presented a claim for $150, in settlement of this matter, direct to the railroad company, and that he agreed to settle it for this sum. This is clearly shown to have been in the nature of admissions in view only of an amicable adjustment of the matter in dispute. It is not shown that it was professed to represent the amount of plaintiff's actual damages, or that it was his estimate or opinion thereof. Such evidence should never be admitted; otherwise, it would be dangerous for parties to treat with each other, looking to-

wards compromising or adjusting their differences. The proposition of one might be used against him, by the other, on the final trial.—*Collier v. Coggins,* 103 Ala. 287, 15 South. 578; 1 Greenl. on Ev. 192.

There is no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.