# Southern Railway Co. *v.* Lowe.

*Action to R*ecove*r Excess* Fr*eight Charge.*

(Decided Dec. 1, 1910. 54 South. 51.)

1. *Carriers; Transportation Contract; Validity.*—Where the material offered as freight was not classified under the 110 Commodity Act (Acts 1907, p. 209), the shipper and the carrier were at liberty to contract with reference thereto, and where they were shipped and classified as cord wood at the rates fixed for cord wood, such classification was binding on the carrier; the mere fact that the consignee afterwards manufactured the blocks into barrel heads would not justify the carrier in reclassifying them as log and box material, and demanding a higher rate as a condition to delivery.

2. *Same.*—Where a carrier of freight enters into a contract as to classification and rates for freight shipped, and afterwards reclassifies them and demands a higher rate than originally contracted for, as a condition precedent to delivery, the consignee, on paying such excess may sue to recover it back.

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by W. H. Lowe against the Southern Railway Company, to recover excess of freight paid. Judgment for plaintiff and defendant appeals. Affirmed.

HOOD & MURPHRE, for appellant. Counsel discuss the 110 Commodity Act, and insist that the carrier had the right to reclassify the material shipped, and to charge the rate fixed by law, and that hence, the court should have directed a verdict for the defendant, but cite no authority in support of their contention.

HUGH REID, for appellee. Appellant is bound by the rate fixed by its agent.—*So. Ex. Co. v. Boullemet,* 100 Ala. 275; *So Ry. v. A*nniston *F. & M. Co.,* 135 Ala. 135. It is also bound by a classification made by its agent.— *St. L. & S. F. R. R. Co. v. Cash Grain Co.,* 50 So. 81. The bill of lading was the sole evidence of the contract,

[Southern Railway Co. v. Lowe.]

and it was not competent to vary it by parol testimony. —*Tall F. M. Co. v. Wes. Ry. Co.,* 117 Ala. 520. The 110 Commodity Act does not fix the rate on this class of goods. Special contract rates are not prohibited.— Sec. 5523, Code 1907.

MAYFIELD, J.—Appellant as a common carrier received and shipped for appellee two cars of blocks of wood. These blocks were from 6 to 15 inches in diameter, and 38 to 42 inches in length. They were blocks sawed from naturally round logs or poles, and were shipped to or consigned to the Attalla Cooperage Company. The blocks were shipped by the appellee to the cooperage company, and were sawed up by this company into boards, and afterwards made into barrel heads. They were sold by the appellee to the cooperage company by the cord, and not as by the foot, as per board or log measure. They were billed and shipped by the appellant as cordwood, and the freight thereon was paid in advance. On the arrival of the shipment the common carrier required the shipper to pay $23.84 in excess of the rates paid and stipulated in the bill of lading or affreightment (the usual bill of lading) signed by the parties to the shipment. This action is to recover back this excess, which was required by the carrier to be paid before it would deliver the shipment.

The railroad, the common carrier, contends that the freight was wrongfully classified by its agent and the shipper as cordwood; that it should have been classified as logs and box material; that the freight rate was fixed by statute, by what is known as the "110 Commodity Act" (Laws 1907, p. 209); and that, when properly classified, the rates collected were only those fixed by law, and were the only lawful rates authorized to be charged or collected for the shipment. This contention is not

sound, for the following reasons: The act in question does not attempt to define cordwood, or logs, or box and barrel material. While it may fix rates as to each of these classes of goods, it does not attempt to define any one of them. The freight in question might be classed as logs or cordwood, and if the use to which it was subsequently to be applied was known and considered it is probable that it would be classed as box or barrel material; but judging by the blocks themselves, they could certainly be classed as cordwood as well as logs, and better than as box or barrel material. The mere fact that the consignee or some subsequent vendee might manufacture the blocks into barrels or boxes, or into matches, or into lead pencils—they being shipped in their natural condition, except for being sawed into lengths of 38 to 42 inches—would not necessitate their being classified as barrel, box, match, or pencil material. Nor do we see any good reason why a block of wood 6 inches in diameter and 38 inches long, sawed from a round pole in its natural state, is of necessity a log, rather than a piece of cordwood. Cordwood is rather the more natural classification. The average person would certainly call it a piece of cordwood, rather than a sawlog or board material.

As the law did not classify or define this particular material, we know of no reason or law that would prevent the parties from agreeing on the classification. We cannot see that it was any more illegal to classify this shipment as cordwood than to classify it as sawlogs or as board material. It was of no concern to the shipper, or to the carrier, to what use it would be put by the consignee or manufacturer. The carrier, as well as the shipper, was bound by the classification and rates made; the rates being in accordance with the statute as to the classification agreed upon. The carrier had no right to

[St. Louis & San Francisco Railroad Co. v. Cavender.]

reclassify, nor to collect the excesive rates as a condition precedent to delivery; and the plaintiff was entitled to recover back the excess.—*Southern Express Co. v. Boullemet,* 100 Ala. 275, 13 South. 941; *Southern Railway Co. v. Anniston F. & M. Co.,* 135 Ala. 315, 33 South. 274; *St. Louis & San Francisco v. Cash'r Grain Co.,* 161 Ala. 332, 50 South. 81; *Tallassee Co. v. Western Railway Co.,* 117 Ala. 520, 23 South. 139, 67 Am. St. Rep. 179.

The court rendered the only judgment that should have been rendered on the undisputed facts. The judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.