# Young *v.* Campbell.

*Penalty for Failure to Mark Mortgage Satisfied.*

(Decided Nov. 16, 1911.   56 South. 605.)

1. *Mortgages; Failure to Enter Partial Payment; Penalty.*—Where it appeared that the mortgage had been .fully paid at the time of notice to enter partial payment, recovery cannot be had for a failure to enter such partial payment on the record, under section 4897, Code 1907; the remedy under such circumstances is to recover the penalty prescribed by section 4898, Code 1907, for failure to enter the fact of satisfaction in full on the margin of the record after notice to that effect.

2. *Pleading; Proof; General Issue.*—Evidence which goes directly to the denial of plaintiff's cause of action is admissible under the general issue.

APPEAL from Lawrence Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Rebecca Young against C. C. Campbell, to recover the penalty prescribed by statute for a failure to enter partial payments on the record of a mortgage after request therefor. Judgment for defendant and plaintiff appeals. Affirmed.

CHENAULT & DOWNING, for appellant. The judgment entry shows that issue was joined upon the general issue, and this was conclusive as to the issues on the trial.—*Providence S. L. I. Co. v. Pruett,* 157 Ala. 546. If full payment of the mortgage was a good defense it should have been specially pleaded.—Section 5331, Code 1907; *Am. O. E. Co. v. Ryan,* 112 Ala. 347; *Lynn v. Bean,* 141 Ala. 236. Where a mortgage has been fully paid the mortgagee cannot assign or transfer the mortgage so as to avoid the duty of entering satisfaction on the record. *Dothan G. Co. v. Ward,* 132 Ala. 387; Sec. 4897, Code 1907.

D. C. ALMON, for appellee. This case should be affirmed on the authority of *Ayers v. Craft,* 128 Ala. 407.

PELHAM, J.—The right of a mortgagor to recover the statutory penalty prescribed by section 4897 of the Code of 1907 for failure upon the part of a mortgagee, within 30 days after notice, to enter partial payments on the margin of the record giving the dates and amounts of such payments, does not lie when, at the time of the notice, the debt secured by the mortgage has been fully paid or satisfied. The only right of the mort-

gagor under such circumstances is, under section 4898 of the Code, to recover the penalty for failure to enter the fact of payment or satisfaction on the margin of the record. *Ayers v. Craft et al.,* 128 Ala. 409, 29 South. 446.

The present action of debt was instituted by the appellant as mortgagor to recover of the mortgagee, the appellee, the statutory penalty for failure, within 30 days after notice, to enter marginal entries of partial payments under the provisions of section 4897, and the proof introduced by the plaintiff on the trial showed that, at the time the written request was given by the mortgagor to have the partial payments entered, the mortgage had been fully paid and satisfied.

In the case of *Ayres v. Craft et al., supra,* McCLELLAN, C. J., in delivering the opinion of the court, says: "Construing section 1065 of the Code (section 4897 of the Code of 1907) in connection with section 1066 (section 4898 of the Code of 1907), we hold that the former gives a right and remedy to the mortgagor against the mortgagee only in respect of the entry within *thirty days* on the margin of the record of payments which at the time of the request amount in the aggregate to less than the mortgage indebtedness, and that when the mortgagee has received, either in a lump sum or by the aggregation of two or more payments each in itself less than the debt, full satisfaction of the debt secured by the mortgage, the only right of the mortgagor is, under section 1066 of the Code, to require the mortgagee to enter, not any partial payments, but the fact of full payment or satisfaction on the margin of the record within *two months* after a request in writing so to do is made. This we conceive to be the clear intent of the statutory provisions; and any other possible interpretation of them would result, when the mortgage has been

paid off in full by an aggregation of partial payments, either in a denial of the right given by section 1066 to the mortgagor to have full satisfaction expressly entered, or in the infliction of double penalties upon the mortgagee. The mortgagor, in other words, would in such case have no right to an entry of full satisfaction, or he would be entitled to have the dates and amounts of partial payments entered and also to have the fact of full payment or satisfaction, and if the mortgagor entered neither he would forfeit $200 as to each; and if he entered the fact of payment and satisfaction and thus fully conserved all the purposes of the statute, and failed to enter the dates and amounts of the partial payments which together constituted full satisfaction, he would still forfeit $200 to the mortgagor, though the protection to the latter intended by the statute had been fully accorded."

In the case before us there was no conflict in the evidence but that the mortgage had been fully paid before the request to enter partial payments was given, and the action being brought under section 4897, providing a penalty for failure within 30 days to enter partial payments, the trial court very properly gave the general charge in behalf of the defendant at his request.

There are several assignments of error based on the trial court's rulings on the evidence, but they all go to the one general proposition of the right of plaintiff to maintain an action for the statutory penalty under section 4897 when the mortgage debt has been fully paid or satisfied, and the proof failed to establish a cause of action under the section under which the suit was brought.

There was no error committed by the court in its rulings on the evidence. The evidence that the mortgagor had received, not partial payment, as provided

by the statute, but full payment, was admissible under the plea of the general issue, going as it did directly to a denial of the plaintiff's cause of action under the provisions of the statute, which says that, when the mortgagor "has received partial payment," suit may be maintained for the penalty under section 4897.

The undisputed proof showing that the mortgage debt had been full paid and satisfied before the notice was given to enter the partial payments of record, it was not material that the mortgagee had at one time transferred the mortgage to a third party who had received payments upon it and then retransferred it to the original mortgagee before the request to enter partial payments, as the statute places the duty of entering partial payments or satisfaction of the mortgage and penalty for failure therein on the mortgagee, or assignee or transferee, and, when the mortgage debt has been paid or satisfied, an action can only be maintained for failure to enter satisfaction as provided by section 4898. *Ayres v. Craft et al., supra.* This is the case, whether it be the original mortgagee, his assignee, or transferee against whom the action lies and suit is brought.

No error appearing, the case is affirmed.

Affirmed.