# Jones *v.* Journey.

### *Detinue.*

(Decided Nov. 23, 1911.   56 South. 850.)

1. *Principal and Agent; Evidence; Declaration of Agent.*—Where there was evidence tending to show that the person who sold the horse to the defendant was authorized by plaintiff to trade it, the acts or declarations of said alleged agent were admissible.

2. *Witnesses; Cross Examination; Relevancy.*—Where the action was in detinue for a horse, a question on the cross examination of a witness as to whether a third person, having possession of the horse, had suggested that defendant buy the horse of the plaintiff, called for the proof of a suggestion by such person to buy the horse from its owner before any agency in such third person was created, and the answer thereto might have had no bearing on the issues, and hence, the question was properly excluded.

3. *Same; Truth of Direct Testimony.*—In detinue for a horse where the defendant claimed that he had acquired the horse by a trade with plaintiff's authorized agent, and a witness for the plaintiff testified that such agent had not hired the horse in question a question to plaintiff on cross examination, whether the witness had claimed that he rented some mules to such an agent at the time he rented the horse to him was admissible as tending to contradict the first witness' testimony.

4. *Same; Irrelevant Matters.*—It is proper to exclude a question asked a witness on cross examination as to whether a third person ever suggested that he buy a horse of the plaintiff, as it was not prejudicial to the plaintiff, since an affirmative answer thereto would not have tended to support plaintiff's contention that such third person had no authority as an agent of the plaintiff.

6. *Same; Assignment; Including Several Errors in One Assignment.*—Where one of the rulings complained of was correct, a single assignment of error embracing two rulings cannot be sustained.

7. *Detinue; Evidence.*—Where the action was detinue for a horse, and the defendant claimed that he acquired the horse in a trade with plaintiff's authorized agent, it was competent to show the value of the animal given in exchange as tending to show that the trade was made in good faith and for value.

8. *Same; Authority of Agent.*—Where the action was detinue for a horse which the defendant claimed to have procured in a trade with an authorized agent of the plaintiff, and such person's authority to trade it was in dispute, the exclusion of evidence as to whether such alleged agent did or did not pay an agreed rental for the horse, was not error, as it could not have had any influence upon the disputed question of authority to trade it.

[Jones v. Journey.]

9. *Evidence; Understanding of Witness.*—The understanding of a witness cannot have any effect upon title acquired to property, and hence, a question as to whether defendants supposed that the person with whom he traded for the horse was the owner of it, or was acting as the agent of another was immaterial.

10. *Same; Best Evidence; Account Books.*—Account books themselves are best evidence, and hence, the testimony of a witness for the plaintiff as to entries made in plaintiff's account book was inadmissible.

11. *Trial; Reception of Evidence; Repetition.*—Where a witness had testified in rebuttal that he did not have an alleged conversation with the third person at his house as testified to by the wife of such third person, it was a mere repetition to ask the witness what took place when he went to the house, and hence, an exclusion of such a question was proper.

12. *Same; Offer of Proof; Purpose.*—A court is not bound to permit a question to be answered when it is so framed that on its face it calls for testimony that might not relate to any matter involved in the suit.

APPEAL from Calhoun Circuit Court.

Heard before Hon. JOHN PELHAM.

Detinue by Charlotte Jones against John W. Journey for one horse. Judgment for the defendant, and plaintiff appeals. Affirmed.

The question propounded to the witness Carr is as follows: "Did not McKinley once make an offer to you, at the time he had the horse in possession, for you to mortgage your house and raise some money for the purpose of buying a horse from Mrs. Jones?" The other assignments of error sufficiently appear from the opinion.

KNOX, ACKER, DIXON & STERNE, for appellant. It is elementary that the authority of an alleged agent cannot be proven by his declarations.—*Gamble v. Fuqua*, 148 Ala. 448; Story on Agency, sec. 136. Nor is this rule abrogated because the alleged agent happens to be in the possession of the property. A declaration qualifying an act is never admissible unless the act qualified is pertinent.—*Fayle v. McArthur*, 31 Ala. 26; Wigmore on Ev-

idence, vol. 3, 2290; 18 Conn. 306; *McBryde v. Thompson,* 8 Ala. 650; *Dothard v. Denson,* 72 Ala. 541. On these authorities it is insisted that the court erred in admitting the declarations of McKinley for the purpose of proving his agency. The court erred in permitting evidence of the value of the animal given in exchange for the horse.—*Bessemer L. & I. Co. v. Jenkins,* 111 Ala. 135; *Woods v. Brewer,* 57 Ala. 515; *Preston v. Dunham,* 52 Ala. 217. It is not competent to show that Mr. Jones claimed he was renting some mules to McKinley at the time he rented him the horse in question.—*Stanley v. Land Co.* 83 Ala. 260; *Curry v. Shelby,* 90 Ala. 277; *Rodgers v. Crook,* 97 Ala. 722. Plaintiff should have been permitted to show whether McKinley was even with his rents or behind.—*McIntyre v. White,* 124 Ala. 177; *Railroad Co. v. Ladd,* 92 Ala. 289. Counsel discuss other assignments of error, but without further citation of authority.

LAPSLEY & ARNOLD, for appellee. There was other evidence of agency sufficient to authorize proof of the declarations and acts of the alleged agent.—*Robinson & Co. v. Green,* 148 Ala. 440, and authorities cited there. Counsel discuss assignments of error relative to evidence, but without further citation of authority. They insist that there are several rulings assigned in a single assignment, and as one of said rulings is correct, the assignment is not sustained.—*Brent v. Baldwin,* 160 Ala. 635; *W. Ry. v. Arnett,* 137 Ala. 425.

WALKER, P. J.—In connection with independent evidence tending to show that the person who sold to the defendant the horse sued for was authorized by the plaintiff to trade it, it was competent to prove the acts or declarations of such person in the performance

[Jones v. Journey.]

of the agency. *Robinson & Co. et al. v. Greene,* 148 Ala. 434, 43 South. 797; *Martin, Dumee & Co. v. Brown, Shipley & Co.,* 75 Ala. 447; Jones on Evidence, § 255. If the plaintiff wished to raise the question that such declarations of the alleged agent could not be considered as proof of the fact of agency, he should have asked instructions defining the purpose for which the evidence could be considered by the jury.

The assignment of error based on the exception to the action of the court in sustaining defendant's objection to the question to the witness Henry Carr on cross-examination cannot be sustained. The question was so framed as to call for proof of a suggestion made by McKinley to the witness to buy the horse from its owner before the agency was created. That being so the answer to the question might have had no bearing on any issue in the case.

Besides, it is not made to appear how the plaintiff could have been prejudiced by the ruling. If the answer had been that McKinley made such a suggestion after he was authorized to sell or trade the horse, that fact would not have tended to support the contention of the plaintiff that McKinley was without authority, as an agent of the plaintiff, to sell or trade the horse.

The defense was that the defendant acquired title to the horse sued for by a trade with the plaintiff's authorized agent. Evidence that the trade was in good faith and for full value would tend to sustain the defense. As part of the proof to this end, it was not improper to admit evidence of the value of the animal given in exchange.

The inquiry as to whether the defendant assumed or supposed that the person with whom he traded was the owner of the horse, or was acting as the agent of another, was in reference to a wholly immaterial mat-

ter. Whether he understood the fact to be one way or the other, he acquired a good title, if the person he traded with in good faith was either the owner or the authorized agent of the owner.

The plaintiff's witness L. G. Jones testified that McKinley never hired the horse in question. Proof that he claimed that he rented some mules to McKinley at the time he rented this horse to him would tend to contradict that testimony. An inquiry as to his making such claim was, in part at least, the purpose of a question asked the plaintiff on cross-examination. It was not error to overrule the objection to that question.

It was not made to appear that the matters connected with the renting of the horse by McKinley, in regard to which a question was asked John Bowie, a witness for the plaintiff, on his redirect examination, had any bearing upon any issue in the case; and it cannot be said that the court was in error in sustaining the objection to that apparently irrelevant inquiry.

On the examination in rebuttal of L. G. Jones, a witness for the plaintiff, he testified that he did not have such a conversation with McKinley at his house as the latter's wife had testified to. He was then asked by the counsel for the plaintiff: "What took place when you went to the house?" It is not suggested in the argument of counsel for the appellant that this question could have elicited material testimony, other than a denial of the testimony of Ida McKinley as to the conversation to which she had testified. He had already deposed to this effect.

Besides, the question was so framed as to call for anything that took place at any time witness went to the house referred to, whether relating to any matter involved in this suit or not. The court was not bound to permit a question to be answered which on its face

[Young v. Campbell.]

did not appear to call for material or relevant testimony.

It is not perceived how the inquiry as to whether McKinley did or did not pay the agreed rental for the horse in question could have had any bearing upon the controverted question in the case as to his authority to sell or trade the horse, and the record does not show that the court was in error in excluding proof on that subject.

The nineteenth assignment of error cannot be sustained, unless each of the two rulings embraced in it was erroneous. A single assignment of error cannot be supported, if it is bad in part. *Brent v. Baldwin,* 160 Ala. 635, 49 South. 343. To dispose of that assignment of error, it is enough to say that one of the rulings mentioned in it was free from error.

The objection to the question to the witness L. G. Jones as to entries made in the plaintiff's account books was properly sustained, as the books themselves, not the testimony of the witness as to entries made in them, were the best evidence on the subject of the inquiry.

Affirmed.

PELHAM, J., not sitting.