# Monogram Hardwood Company v. Louisville & Nashville R. R. Co.

*Conversion and Failure to Deliver Freight.*

(Decided January 14, 1913.  60 South. 949.)

1. *Carriers; Freight; Classification.*—A shipment of carload of pieces of hickory 30 inches in length and from 10 to 30 inches in diameter and either in their natural round state as cut from the trunk or split in sections, is not a shipment of logs within Acts 1907, page 112, especially where a shipper denominated the shipment as a specified number of cords.

2. *Statutes; Construction.*—Unless it plainly appears that the words are used in a different sense, the words of a statute must be taken in their ordinary or popular sense.

3. *Appeal and Error; Harmless Error; Evidence.*—Where the party who recovered judgment would be entitled to judgment without regard to the evidence, the error, if any, in excluding it, was not prejudicial.

4. *Same.*—Where a matter is actually proven without objection and is not contradicted, error in its previous exclusion is rendered harmless.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by the Monogram Hardwood Company against the Louisville & Nashville Railroad Company, for damages for failure to deliver certain freight, and for a conversion. Judgment for defendant and plaintiff appeals. Affirmed.

BALL & SAMFORD, for appellant. The only question to be determined on this appeal under the agreed statement of facts is whether the shipment should be classified as logs as contended by the plaintiff, or as cordwood as contended by defendant. Unquestionably, the shipment was that of logs.—*Buckholder v. Union T. Co.,* 82 Mo. 572; *Kallock v. Porcher,* 52 Me. 592; *Sands v. Sands,* 72 Me. 240; 24 Cyc. 1545.

TYLER GOODWYN, for appellee. The shipment was that of rough blocks or bolts, and was properly classified as such.—Webster's International Dictionary, 1885; Century Dictionary, Enc. A log is a trunk of a tree cut down and stripped of its branches.—25 Cyc. 1545. It was the defendant's duty under the law to require full payment of the proper freight rate before delivery.—*So. Ry. v. Harris*, 119 Ala. 539; *L. & N. v. Mc-Mullen*, in MSS.

PELHAM, J.—The only substantial question presented on this appeal is the proper classification of a shipment consisting of two car loads of hickory delivered to the defendant common carrier (appellee) at Verbena, Ala., for transportation over the defendant's line of railroad to the appellant as consignee at Montgomery, Ala. The appellant, the consignee, insisted with the carrier, after the goods had reached their destination at Montgomery, that the shipment should be classed as "logs" and that the statutory rate applicable to this class of freight (i. e., logs) was the proper charge for carriage, and tendered the proper amount due under such rating or classification to the defendant's agent at the point of destination upon arrival of the goods. The defendant refused to classify the shipment as "logs" under the statutory rate, and insisted upon a different classification, at a higher freight rate, and the appellant brought this suit for damages for failure to deliver and conversion of the property.

The shipment consisted of two box car loads of pieces of hickory in their natural state, just as cut from the trunk of hickory trees in lengths of 30 inches. Some of the pieces were in their natural round state, and some were split in two, three, and four sections. In diameter the pieces ranged from 10 to 30 inches. It was shown

that the pieces of hickory were shipped to the consignee for the purpose of being manufactured into lumber of various kinds.

·The practical question is conceded to be this: Can the appellant, the consignee, require the appellee, a common carrier, to classify this shipment as "logs" under "group 6" of what is known as the "8-group Commodity Act," passed November 23, 1907 (Acts Sp. Sess. 1907, p. 112), or could the common carrier properly and legally refuse to make this classification of the shipment and class it, as was done, under the local Alabama classification No. 1, fixing classifications and rates, as filed with and approved by the Alabama Railroad Commission, and which is as follows: "Lumber, dressed, N O S, and rough lumber, including fence posts and rails, heading, hoops, hoop poles, hub and other rough blocks, laths, logs, shingle bolts, staves, stave bolts, telegraph and telephone poles, timber, wood, etc., not over 28 ft. long, C L, minimum weight 30,000 lbs.; tanbark and shingles, C L, minimum weight 24,000 lbs. (Files 169358, 286460),—N".

In other words, in effect and in short, is the shipment of the pieces of hickory above described properly to be called and classed as "logs?" We think not. Some of these pieces of wood were 30 inches long by 30 inches in width, or diameter. Such a chunk of hickory could not well and with proper discrimination in the use of words be called a "log" as we ordinarily and commonly use the word. And the same thing can at least be said of the pieces that were split into two, three, and four parts. A "log" is an unsplit stick of timber.—Century Dict.

Unless it plainly appears that the words used in a statute are differently intended or used, they are to be taken in their ordinary and popular sense.—*Mobile D. D. Co. v. Mobile,* 146 Ala. 198, 40 South. 205, 3 L. R. A.

[Monogram Hardwood Company v. Louisville & Nashville R. R. Co.]

(N. S.) 822, 9 Ann. Cas. 1229; *Mayor, etc., v. Winter,* 29 Ala. 651; *Priest v. State,* 5 Ala. App. 171, 59 South. 318. Taking the word "log" as used in this connection in its ordinary or popular sense, it could not properly and fairly be said to mean or refer to such split pieces and chunks or blocks of hickory as described. If these pieces in the mixed shipment were properly classed at the higher rate, then that rate would govern and apply to the whole shipment.

It is significant, and persuasive of the conclusion reached, that these pieces of hickory cannot properly be termed or denominated as logs, that the appellant in specifying in its complaint the quantity of the hickory should designate it as being "twenty-one cords." Standing timber is often sold at so much per cord, but when cut into cordwood or similar lengths it is not then commonly spoken of or designated as logs. The measure used in arriving at quantity, as applicable to logs, is not cord measure, but log scale, while, on the other hand, when logs are cut into cordwood or shorter lengths, and lose their identity as logs, the cord measure is applied in ascertaining or measuring the quantity.

In the case of *So. Ry. Co. v. Lowe,* 170 Ala. 598, 600, 54 South. 51, it was said by Mayfield, J., in speaking for the court in a case where the proper classification of somewhat similar freight was under consideration: "Nor do we see any good reason why a block of wood 6 inches in diameter and 38 inches long, sawed from a round pole in its natural state, is of necessity a log, rather than a piece of cordwood. Cordwood is rather the more natural classification." It seems to us that "wood" or "rough blocks" would be a more natural classification on the shipment in this case, and that such pieces and blocks of hickory are not of necessity logs, and, if not, then the defendant could not be required to

classify them as such under the provisions of the "8-group Commodity Act," and make the rate in accordance with that classification, for, though the bill of lading described the shipment as logs, there was no proof of any agreement between the shipper and the carrier to make a rate on the shipment under such a classification, and no rate seems to have been made by the carrier other than the rate under the classification insisted upon by the appellee.

The assignment of error based on the ruling of the court in excluding the statement of one of the witnesses that the hickory was to be manufactured into lumber of various kinds is without merit. The ruling was not prejudicial, for the defendant was entitled to a judgment without regard to this testimony, and besides, the evidence of this fact was afterwards admitted without objection, and it was without contradiction from any source.

The judgment for the defendant was properly rendered by the trial court, and the case will be affirmed.

Affirmed.