(76 South. 941)

FARABEE v. WADE. (7 Div. 898.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. TRIAL ⟨key⟩91 — EVIDENCE — MOTION TO STRIKE—NECESSITY OF PREVIOUS OBJECTION.

A motion to exclude an answer to a question is properly overruled, in the absence of any objection to the question by which it was elicited.

2. EVIDENCE ⟨key⟩215(3) — ADMISSIONS — LETTERS.

In action for balance due under cropping contract, plaintiff could testify that he received a letter from defendant offering to buy his interest in the crop for a stipulated price; such letter constituting an admission of what was due when it was written.

3. EVIDENCE ⟨key⟩213(1)—OFFER TO COMPROMISE—ADMISSIBILITY.

The rule that an offer to compromise is inadmissible to establish the amount due does not apply where there was no controversy at the time the offer was made.

4. TRIAL ⟨key⟩84(3)—OBJECTION TO EVIDENCE—SCOPE.

An objection to testimony that plaintiff received a letter from defendant offering to pay a certain amount for his crop, on the ground that defendant's offer was no evidence of the value of the crop, is not apt for presenting the question that the testimony related to a compromise offer and was therefore incompetent.

5. APPEAL AND ERROR ⟨key⟩1053(1)—HARMLESS ERROR—EVIDENCE—STRIKING OUT.

In action for balance due under a cropping contract, original admission of plaintiff's testimony as to the value of his work, if erroneous, became harmless when such testimony was later ruled out.

6. LANDLORD AND TENANT ⟨key⟩331(5)—ACTION ON CROPPING CONTRACT—VARIANCE.

In an action by the tenant on a cropping contract where the plea of set-off and recoupment gave no hint of a claim for damages resulting from negligence in doing the work, evidence as to the difference in the yield had the crop been properly cultivated was properly excluded.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Action by T. F. Wade against G. D. Farabee. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Willett, Willett & Walker, of Anniston, for appellant. S. W. Tate, of Anniston, for appellee.

SOMERVILLE, J. The action is on a cropping contract by which plaintiff undertook to cultivate and gather crops on defendant's land for one-half of the crops so raised. Defendant appeals from a verdict and judgment for plaintiff for $90, over and above the set-offs shown by defendant.

[1] An examination of the record does not disclose any error prejudicial to appellant.

1. Responsively to his counsel's question, plaintiff testified that he cultivated the crop the best he possibly could. The motion to exclude the answer was properly overruled, in the absence of any objection to the question by which it was elicited.

[2-4] 2. Plaintiff had testified to receiving a letter from defendant offering to buy plaintiff's interest in the crop. He was then allowed to state, over defendant's objection, that defendant offered to pay him about $92, in addition to satisfying his account. The sole objection to this testimony was that defendant's offer was no evidence of the value of the crop. This objection was not well taken, for the offer to pay was admissible as an admission by defendant of what was due at that time. It is argued that the terms of the offer should have been excluded because it was an offer of compromise. St. Louis, etc., R. Co. v. Cash, etc., Co., 161 Ala. 332, 50 South. 81. It is sufficient to say that that rule of exclusion is not available here, because it does not appear that, when the letter making the offer was written and received, there was any controversy pending as to the amount due under the contract. Moreover, the objection stated was not apt for raising this question.

[5] 3. Plaintiff's testimony as to the value of the work done by him was explicitly ruled out by the trial judge, and its original admission, if erroneous, was rendered harmless.

[6] 4. Defendant's offer to show the difference in the yield of cotton, if plaintiff had properly hoed it after the rains, was properly excluded. The plea of set-off and recoupment gave no hint of such a claim for negligence and resulting damage, and it was not within the issues.

5. The contract provided that defendant should supply plaintiff and his family with rations during the season, on a basis of 10 per cent. profit, and the complaint so alleged. Whether he did so was a material issue, and the questions to defendant on this subject were properly allowed.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.