(92 South. 642)

## AMERICAN RY. EXPRESS CO. v. STANLEY. (5 Div. 818.)

(Supreme Court of Alabama. April 27, 1922.)

**1. Evidence ⚙═472(2)—Consignee's opinion as to damages for loss of goods held inadmissible.**

In an action against carrier for goods lost, consignee's opinion as to the actual damages was inadmissible.

**2. Evidence ⚙═159—Oral evidence of no entry of shipment in receipt book held not within secondary evidence rule.**

The refusal to strike out a negative answer to the question whether the entry books showed receipt of the shipment in litigation was proper, as it was not within the secondary evidence rule.

**3. Evidence ⚙═167—Book held best evidence of entry.**

To prove an entry in a book, the book itself is the best evidence.

**4. Carriers ⚙═133—In action against carrier, evidence of other shipments held irrelevant.**

In an action by consignee against carrier for loss of goods shipped, evidence of the receipt of shipments other than the one sued on, and what was done with them, was properly excluded as being irrelevant.

**5. Carriers ⚙═146—Evidence held sufficient for jury on question of liability as warehouseman.**

In an action by consignee against express company, where there was evidence of delivery of shipment, possession of express company at place where delivery was to be made, and failure to deliver to consignee, the jury were entitled to adopt the conclusion that express company was liable as warehouseman.

**6. Pleading ⚙═387—Variance between allegations and proof held fatal.**

There can be no recovery on proof of a meritorious cause of action which is in substance variant from the one pleaded.

**7. Carriers ⚙═82—Required to make personal delivery to consignee.**

In the absence of a showing to the contrary, an express company must make personal delivery to consignee.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

Action by J. J. Stanley against the American Railway Express Company for damages for failure to deliver freight. Judgment for the plaintiff, and the defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Victor J. Heard, of Clanton, for appellant.

The general charge as to count 2 should have been given. 74 Ala. 430; 125 Ala. 378, 28 South. 51. The court erred in its rulings on the evidence. 161 Ala. 322, 49 South. 797; 170 Ala. 611, 54 South. 509, 37 L. R. A. (N. S.) 588; 151 Ala. 407, 44 South. 392.

Thomas A. Curry, of Clanton, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. The complaint contained two counts: (1) Against defendant express company as a common carrier; (2) against defendant as a warehouseman; both counting on a failure to deliver a shipment of chickens and eggs consigned to plaintiff at Birmingham from Clanton.

[1] The trial court properly sustained plaintiff's objection to the question put to the plaintiff as a witness on cross-examination, "What is your actual damage in this case?" The proper question would have asked for the value of the things in dispute at

rsirmingham. Montgomery Co. v. Varner, 19 Ala. 185; St. Louis & San F. R. R. Co. v. Cash Grain Co., 161 Ala. 332, 50 South. 81.

[2, 3] Defendant's objection to the question to plaintiff, "Does that record"—referring to a book in which plaintiff kept a record of his receipts of consignments by express—"show that you received the shipment in litigation?" was overruled. There was no error in refusing to exclude the witness' answer in the negative. If the effort had been to prove an entry, the book would have been the best evidence, as was decided in Jones v. Journey, 2 Ala. App. 493, 56 South. 850, cited by appellant; but the evidence admitted was not within the reason of the rule against secondary evidence, and any rule, other than that here followed, would frequently result in extreme inconvenience.

[4] Evidence, offered by defendant, as to what was done in the matter of receiving and receipting for other shipments at different times—not in dispute—and the fact that there were such other shipments, was properly excluded as irrelevant and immaterial.

[5-7] Appellant contends that it was due the affirmative charge. against the second count of the complaint. There is no rule more conservative of justice than that—

"There can be no recovery upon a cause of action, however meritorious it may be, or however satisfactorily proved, that is in substance variant from that which is pleaded by the plaintiff." Kennedy Bros. v. M. & G. R. R. Co., 74 Ala. 430.

But that rule hardly reaches this case. Evidence for plaintiff went to show a delivery to defendant for shipment and defendant's failure to deliver to plaintiff, the evidence as to the delivery to plaintiff being in conflict. There was evidence going to show defendant's possession of the shipment at Birmingham, where delivery was to be made. In the absence of a showing to the contrary, we may assume that it was the duty of the defendant, an expressman, to make personal delivery, thus eliminating all question as to notice, which in some cases is necessary to change the liability of a carrier to that of a warehouseman (10 C. J. 234), and making a failure to deliver prima facie evidence of negligence. Seals v. Edmondson, 71 Ala. 509. Defendant, having received the goods for transport, was under duty to account for them, and, under the evidence, the jury were at liberty to adopt the conclusion that defendant was liable as a warehouseman.

There was no error.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.