## Dawkins Lumber Company v. Row.

(Decided October 20, 1925.)

Appeal from Magoffin Circuit Court.

1. Highways—Injury to Traveler While Riding in Bed of Creek Held Not Ground for Recovery Against Company which Obstructed Public Highway on Bank and Obstructed Bed of Creek with Debris.—Though Ky. Stats., section 4350, makes it duty of railroad company to repair public road which it has obstructed, where company practically destroyed highway on creek bank by building railroad and obstructed creek by debris thrown therein from

construction of railroad, fact that traveler, while riding in bed of creek, which was not alleged to be public passway, was injured by mule's stepping on loose stone, was not ground for recovery against company, in view of allegation in petition that before obstruction of creek by debris, it was dangerous for travel, and that bottom thereof was covered with loose stones.

2. Pleading—To Uphold Verdict, Petition Must State Cause of Action, and Proof Must Correspond to Pleadings.—To uphold verdict, petition must state cause of action, and proof must correspond to pleadings.

3. Negligence—Jury May Not Speculate as to Cause of Injury.—When injury may have been produced by either of two causes, one of which would constitute actionable negligence on part of defendant, and other of which would naturally result in injury, jury may not speculate and guess as to which cause produced injury.

4. Highways—Allegation that, Creek Bed, Obstructed by Debris Thrown Therein by Defendant, Before Being Obstructed was Dangerous and Contained Loose Stones, and that Plaintiff was Injured through Mule's Stepping on Loose Stone, Held to Entitle Defendant to Peremptory Instruction.—Where petition alleged that defendant had practically destroyed highway on bank of creek and had thrown debris into creek, obstructing it, and that plaintiff, on account of destruction of highway, was using creek bed as passway, which before being obstructed had contained loose and dangerous stones, and that his mule stepped on loose stone, causing him to be injured, defendant was entitled to peremptory instruction.

W. R. PRATER and H. H. RAMEY for appellant.

J. B. ADAMSON and T. J. ARNETT for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

In a suit for personal injuries Galen Row recovered a judgment against the Dawkins Lumber Company for $2,000.00. Several errors were alleged in the motion for a new trial, but the only one urged on this appeal is the failure of the trial court to peremptorily instruct the jury to find for the defendant. It is charged in the petition that the defendant, a corporation, during the months of January and February, 1922, constructed a line of logging railroad along Hall's Fork creek in Breathitt county, completing same on the first of March of that year. It is further charged that in the construction of that railroad the defendant, without right, destroyed a regularly established county public road which ran along the bank of Hall's Fork creek and

failed to provide any road in lieu thereof and that by reason of such failure persons desiring to travel that roadway were required to use the bed of the creek as the only thoroughfare in that vicinity; that the water in the creek was deep, the bank steep, the bed slippery and covered with loose stone, by reason of which it was a dangerous place to travel; that in the construction of the railroad the defendant blasted large quantities of stone and other debris from its right of way into the bed of the creek, making it more unsafe and dangerous to the traveling public; that on the 9th of May, 1922, while riding down said creek bed on a mule and exercising ordinary care for his own safety, his mule stumbled upon one of the hidden obstructions in the creek bed and threw him to the ground, breaking his leg and otherwise injuring him, it being alleged that his injuries were the proximate result of the defendant's failing to provide a safe means of travel at that place after its destruction of the public highway, and its negligent acts in obstructing the bed of the stream mentioned.

A demurrer to the petition was overruled and defendant answered, traversing and pleading contributory negligence. The evidence tends to show that for more than fifteen years a crude county highway had existed at the place mentioned along the bank above the creek, and that for the same period travelers had at their option used the bed of the creek as a passway; though it does not clearly appear whether this use was claimed as a matter of right, the practice having been for persons riding on horseback to travel the bed of the creek in good weather, while in bad weather the public highway was used, the latter being used exclusively for wagons; that the railroad ran across the highway at two points, practically destroying it, and that in blasting for its construction, stone and other debris were thrown into the creek below, filling the creek and damming it is places.

The plaintiff testified that he was making personal calls to wait upon sick domestic animals; that there was no way in which to reach his destination except by using the highway or creek bed; that the highway was closed, and there was no safe way upon the bank to go around it; that prior to the time defendant obstructed it, the bottom of the creek bed had been free from loose stones, but that it had been filled with debris and the water dammed and while riding, his mule stumbled upon a hidden obstruction and stepped upon a stick which sprung up and

struck his mule, frightening it and causing it to turn around and throw him upon the creek bank, breaking his leg.

It will thus be seen that plaintiff was not injured while using the public highway and it cannot reasonably be urged that the obstructions on it were the proximate cause of his injury. Under section 4350, Kentucky Statutes, it is made the duty of a railroad company to repair a public road which it has obstructed; but it can hardly be said that upon a failure to make such repairs a person may choose another route, and upon being injured thereon, claim that such injury was the direct result of defendant's negligence, unless he shows that the railway company is in some way responsible for the condition of the latter route. So the case would seem to turn upon the question whether or not the defendant is liable to plaintiff for the obstructions in the creek bed. As stated above, it appears that the creek bed had been used for many years as a roadway and perhaps the public had acquired an easement therein. It is also testified by plaintiff that the creek bed was smooth and free from obstruction before it was obstructed by defendant. Assuming the truth of these statements, under a proper pleading, perhaps the plaintiff would have been entitled to a submission of the case on the theory that the defendant had obstructed a public passway which he was entitled to use, and that such obstruction was the proximate cause of the injury. But to uphold a verdict the petition must state a cause of action and the proof must correspond to the pleadings. Viewed in this light it will be noticed that the petition does not allege that the creek bed was a public passway. Also it alleges before the obstructions were thrown therein that it was dangerous for travel and the bottom thereof covered with loose stones. A mere failure to allege a public easement in the creek might be cured by the verdict if that fact was put in issue by the evidence and instructions, but not so as to the other allegation. If the creek bed was dangerous and covered with loose stones before the obstructions were placed therein by the defendant, as is affirmatively pleaded, it is as likely that the mule stumbled upon one of these stones as it is that he stumbled upon an obstruction placed in the creek by the defendant; and when the injury may have been produced by either of two causes, one of which would constitute actionable negligence upon

the part of defendant and the other of which would naturally result in injury, the jury are not allowed to speculate and guess which of the two causes produced the injury. This defect in the pleading could not be cured by a verdict based on contradictory evidence. It follows that in the state of the record defendant was entitled to a peremptory instruction.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.