DAVID B. ROBERTS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 22483, 24527.   Promulgated March 21, 1930.

*Charles J. Williamson, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, and *C. A. Ray, Esq.*, for the respondent.

OPINION.

TRAMMELL: The parties stated at the hearing that the proceedings in the two dockets here involved were to be consolidated. However, an examination of the petition in Docket No. 22483 shows that the appeal was not taken from notice of a determination of a deficiency, but from a letter from the respondent advising the petitioner of the privilege of having a hearing in the Income Tax Unit with respect to his tax liability for 1923 prior to a final determination of such liability. Since the petition was not based upon a notice of a determination of a deficiency, we have no jurisdiction of it and it will therefore be dismissed. An order will be entered accordingly.

With respect to the proceeding in Docket No. 24527, it appears that the testimony was not directed to support the allegations of the petition. The issues raised by the pleadings constitute the only issues we are called on to decide. The only error assigned was: "In determining the profit on the sale of stock of a close corporation (the Springfield Buick Co.) the Commissioner refuses to use the fair market value at the time of its acquisition as the basis for his calculation."

At the hearing counsel for the petitioner stated that the question was not the value of the stock; but the value of petitioner's services.

The petition contained the allegation: "The Buick Garage Company to which the Hartford Buick Company succeeded needing capital in July, 1914, sold the 50 shares to the Springfield Buick Company for $5,000.00 in cash."

The petitioner devoted his testimony to show that this allegation was not true, but that the stock actually cost $20,000, $5,000 in cash and $15,000 in services. Yet he did not seek to amend the pleadings. If the petitioner had desired to abandon the issues originally raised by the pleadings and to raise another issue, he had his remedy by timely amending the petition. We can not render a decision on an issue not raised.

The petitioner does not now contend that he is entitled to a decision in his favor on the issue presented in the pleadings, and, clearly, he is not. The statute has prescribed that cost is the basis for determining gain or loss on assets acquired subsequent to March 1, 1913.

We find much reluctance in the necessity as we see it of deciding a cause on the inadvertance of counsel or a slip in pleading. Clearly,

a cause should go off on such a point only when required by some rule of law, the observance of which is deemed essential to the proper functioning of the Board.

The Board, by statute, is given power to make rules of procedure. Pursuant to such authority, the Board has prescribed by rule that:

A proceeding shall be initiated by filing * * * a petition * * *. It shall contain:

(d) Clear and concise assignments of error alleged to have been committed by the Commissioner.

The rule is fundamental that a plaintiff must recover, if at all, on the case made by his declaration, and if he fails to prove his cause of action as laid, or proves an entirely different one, he can not recover. *Dawkins Lumber Co.* v. *Row*, 276 S. W. 493; *Duncan* v. *Gage*, 250 S. W. 647; *U. S. Rubber Co.* v. *Grigsby*, 204 N. W. 817; *Allen* v. *Vineyard*, 212 S. W. 266; *Wilson* v. *Duncan*, 269 S. W. 239; *Dupont* v. *Blair*, 106 S. E. 328; *American Ry. Express Co.* v. *Stanley*, 92 Sou. 642; *Sheehy* v. *Mandeville*, 7 Cranch 208; *Alexander* v. *Harris*, 4 Cranch 299; *McCord* v. *Martin*, 191 Pac. 89; *Sharkey* v. *Sisson*, 141 N. E. 427. See also *Boggs & Buhl* v. *Commissioner*, 34 Fed. (2d) 859; *William Fleischaker*, 7 B. T. A. 389; *Steele, Wedeles Co.*, 11 B. T. A. 279.

If we consider the merits alone, in our opinion, the petitioner is not entitled to a decision in his favor. From the evidence it seems to us clear that the stock was not at the time purchased by the petitioner worth in excess of the $5,000 paid for it in cash. While the petitioner expressed his opinion that the stock was worth in excess of $20,000 when he purchased it, the actual facts in the record are inconsistent with this valuation. The Hartford Buick Co., of which the petitioner was the principal stockholder and active head, sold the same stock to Noyes only two or three days before Noyes sold it back to the petitioner. It is not explained why the Hartford Buick Co. sold stock for $5,000 if it was worth $20,000 or $25,000, and no facts are shown which would warrant such an increase within two or three days from $5,000 to $20,000 or $25,000. If the earnings be considered in determining the value, the stock was not worth even the $5,000. But since the petitioner paid that amount in cash, that represents its cost, which is the fact to be determined. Being of this opinion we think that it is clear that the petitioner did not receive any compensation for services when he acquired the stock. If Noyes was to pay the petitioner for his services, he did not do so when he sold the stock to him. We do not see how it could be seriously contended that the petitioner received compensation for services in acquiring the stock, when he paid in cash all that the

stock was worth at the time. The services may well have been worth $15,000, but if they were, the petitioner has not received that amount or any amount for them, so far as this record is concerned.

We must therefore affirm the Commissioner's determination.

*Judgment will be entered for the respondent.*