In the Matter of the Application of LOUIS FRIEDLAND, Respondent, for a Peremptory Order of Mandamus against RAYMOND V. INGERSOLL, as President of the Borough of Brooklyn, CHARLES R. WARD, as Commissioner of Public Works of the Borough of Brooklyn, and EDWIN H. THATCHER, as Commissioner of Buildings of the Borough of Brooklyn, City of New York, Appellants.— Application for a peremptory order of mandamus requiring defendants to lower the curb in front of certain premises in Brooklyn. Order and order on reargument, granting a peremptory mandamus order, reversed upon the law and the facts, with costs to appellant, and motion granted to the extent of directing that an alternative mandamus order issue, without costs. The letter permit with respect to the use of the premises issued before the curb cut permit was issued must be deemed to constitute the conditions upon which the curb permit issued. If the facts be as the defendants assert, that the plot was used for the storing of more than five vehicles during the time asserted, then the condition upon which the curb permit issued was violated and was the proper subject of a cancellation by the defendants. The petitioner denies that the premises were used for storing, as distinguished from parking, in violation of the terms of the conditions upon which the curb permit and the use of the plot permit issued. There should, therefore, be a trial of that issue of fact on an alternative order. If the fact be resolved in favor of the defendants' contention then the cancellation of the permit was proper under subdivision " c " of section 184, article 15, chapter 23 of the Code of Ordinances. If it be found as a fact that the premises were not used for storage purposes in violation of the conditions upon which the permits issued, then the cancellation was improper and should be nullified. The provision respecting ten days in its relation to effecting a discontinuance of such a use contained in subdivision " d " only concerns curb cuts or carriageways which have become dangerous to pedestrians. That ten-day provision has no relation to action had under subdivision " c." The powers vested in the borough president by section 184 have devolved upon the commissioner of buildings as a consequence of section 407 of the Greater New York Charter, as amended by chapter 764 of the Laws of 1933. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

In the Matter of the Petition of ANN G. GOLDEN to Render and Settle Her Account as Administratrix of HERMAN S. GROSSMAN, Deceased. CHARLOTTE BISHINS and NETTINA G. GOLDSTEIN, Appellants; ANN G. GOLDEN, Respondent.— Order of the Surrogate's Court of Kings county denying a motion for an order vacating a decree on accounting and for an order recpening the proceedings and revoking letters of administration, affirmed, with ten dollars costs and disbursements to respondent, payable by appellants personally. No opinion. Young, Hagarty, Carswell, Adel and Taylor, JJ., concur.