66 So.2d 895

**DONAGHEY v. OWEN et al.**

**3 Div. 657.**

Supreme Court of Alabama.

Aug. 6, 1953.

SIMPSON, Justice.

This is an appeal from a judgment of the circuit court of Montgomery County denying the appellant's petition for mandamus to the Commissioners of the Alabama Liquefied Petroleum Gas Commission to require the Commission to issue a permit to do business.

The petition shows that appellant was engaged in "the business of selling and installing liquefied petroleum gas systems in the State of Alabama." He was therefore subject to the Provisions of the Alabama

Liquefied Petroleum Gas Act, now codified in the supplement to the Code of 1940 as Title 26, § 179(57) et seq.

He applied to the Commission for a per-. mit to engage in that business and the permit was denied because of the ruling of the Commission that he was required, under § 179(65) of the statute, to have located within the State of Alabama a minimum of 15,000 (water gallon capacity) storage for liquefied petroleum gases for each 1,000 customers or fraction thereof served by him, as one of the requisites for the issuance of the license to do business in the state.

This petition for mandamus presents the question of the propriety of the ruling of the Commission and takes the position that the business of appellant is not embraced within the requirements of the statute. Said subsection reads:

"The commission shall require that every person in the business of selling and distributing liquefied petroleum gases or in the business of selling or installing liquefied petroleum gas tanks, containers or systems have located within the state of Alabama a minimum of 15,000 (water gallon capacity) storage for liquefied petroleum gases for each one thousand (1000) customers or a fraction thereof serviced by such person. The commission shall have authority to examine the books and records of such person for the purpose of determining the number of customers serviced by such person. The commission shall further require such person to present evidence to the commission that he has a bona fide contract to procure for resale liquefied petroleum gases."

■ That provision is somewhat confusing but we think, as the lower court held, the appellant comes within the purview of the provision with reference to the storage requirement. His petition shows that he is engaged in the business of selling and installing liquefied petroleum gas systems in the state and the proviso specifically brings that type business within its terms. He argues that the act should be construed to the effect that only those who are in the business of actually supplying the gases to customers are governed by the storage requirement, but it seems manifest the act cannot be so interpreted. Those engaged in the business of selling or installing the tanks, containers or systems are as much within the terms of the act as those engaged in the selling and distribution of the gases.

■ Perhaps the legislature had in mind that the public was entitled to rely on certain minimum standards of service from those who supplied the installations as well as from those who supplied the gases; that the system would be worthless without the benefit of being supplied with the gas and without that minimum requirement customers might be left helpless with the systems without being supplied with gases for their installations. We merely mention this *arguendo* as sustaining the adopted construction, though, of course, the courts do not ordinarily inquire into the wisdom of legislative enactments.

■ The constitutionality of the act is suggested in brief and argument for appellant, but that question was not presented in the lower court, is not necessary for determination of this appeal, and must therefore be pretermitted in our consideration. Coleman v. Mange, 238 Ala. 141, 189 So. 749(4); State Docks Commission v. Cummings, 227 Ala. 414(11), 150 So. 345; Cooper v. State ex rel. Hawkins, 226 Ala. 288(8), 147 So. 432; State ex rel. Knox v. Dillard, 196 Ala. 539, 72 So. 56.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY, GOODWYN and MERRILL, JJ., concur.