110 So.2d 307

**CAVU CLUB, a Charter Club, et al.**

**v.**

**CITY OF BIRMINGHAM et al.**

**6 Div. 380.**

Supreme Court of Alabama.

March 19, 1959.

Wm. Conway, Birmingham, for appellants.

J. Reese Johnston, Jr., Birmingham, for appellees.

SIMPSON, Justice.

Appeal from the Circuit Court of Jefferson County denying appellants' application for an injunction pendente lite.

On November 18, 1958, the City Commission of the City of Birmingham adopted a resolution calling on Burdette Tarrant and/or Cavu Club to appear before the Commission of the City of Birmingham on November 25, 1958, to show cause why a

beer license and a dancing permit issued to appellants should not be revoked and cancelled on account of violations of certain city ordinances pertaining to the conduct of the business. On November 25, 1958, Burdette Tarrant and Mrs. Flora Tarrant, president of the Cavu Club, represented by attorney, appeared before the City Commission. After taking testimony from both sides, the City Commission unanimously moved to revoke the beer license, dancing permit, and all other business licenses of Burdette Tarrant and/or Cavu Club.

On December 1, 1958, appellants filed a bill of complaint which prayed for a temporary injunction restraining the respondents from revoking said business licenses or restraining them from enforcing the motion carried by the City Commission revoking the business licenses of appellants, and which further prayed that on final hearing the temporary injunction or restraint be made permanent. The circuit court set the cause down for a hearing upon the motion for preliminary injunction on December 4, 1958. On the latter date the cause was heard ore tenus, in the nature of a trial de novo, for decree upon the application for injunction pendente lite. The court denied the application and refused the interim injunction. This appeal is from that decree.

Appellants contend that the sole basis for the revocation of the licenses was the testimony of Police Officer Walter Herron, whose testimony they claim is unreliable, and that the evidence before the Commission and before the circuit court was insufficient to sustain the decree appealed from. They argue that the evidence shows that Herron was intoxicated on the occasion involved and could have remembered but very little that happened. It is maintained that the law applicable here is not in dispute, and, in fact, no authorities are cited in the short brief of appellants. Appellants further charge that the discretion of the City Commission has been abused.

Police Officer Walter Herron testified before both the City Commission and the circuit court that he was not a member of the Cavu Club but that he had bought a drink of whiskey at its establishment on a prior occasion. Other evidence revealed that the Cavu Club had a beer license but did not have a whiskey or liquor license. Burdette Tarrant and Mrs. Flora Tarrant testified and both denied that the officer had ever bought a drink of whiskey in the club.

No point has been raised on this appeal as to the legal validity of the Commission's order in revoking all the licenses of the appellants rather than only the two cited in the original notice, and neither has it been urged that appellants doubt the validity of a statute which empowers a municipality to revoke any license granted by such municipality for proper cause without conviction in the recorder's court. As mentioned above, the only question raised by the assignments of error and the argument of appellants is the sufficiency of the evidence heard below.

"Section 654, Title 62, Code 1940 [Pocket Part], confers on the City of Birmingham the full measure of the state's police power to provide for the safety, preserve the health, promote the prosperity, improve the morals, orders, comforts and convenience of the inhabitants of the city and prevent and punish injuries and offenses to the public therein." Jefferson County v. City of Birmingham, 256 Ala. 436, 55 So.2d 196, 199. This section provides that it shall not be construed "to deprive the governing body of such city of power to revoke any license for proper cause without conviction in recorder's court".

Appropriate legal proceedings were followed in the instant case and both the City Commission and the circuit court have found against the appellants. We have carefully reviewed the record and must and do hold that their determination is not without substantial evidence.

We also entertain the view that the averments of the bill and the testimony adduced on the trial in the circuit court fall far short of showing such fraud, bad faith, gross or palpable abuse of discretion, or patent arbitrariness on the part of the City of Bir-

**48**

mingham as to merit the award of an injunction against the governing body of the municipality. Nelson v. Mobile Bay Seafood Union, 263 Ala. 195, 82 So.2d 181; Carson Cadillac Corporation v. City of Birmingham, 232 Ala. 312, 167 So. 794; Salter v. Board of Education of Jefferson County, 229 Ala. 631, 159 So. 78. And see also Huddleston v. Humble Oil & Refining Co., 260 Ala. 384, 71 So.2d 39; Citizens' Bank & Security Co. v. Commissioners' Court of De Kalb County, 209 Ala. 646, 96 So. 778; O'Rear v. Sartain, 193 Ala. 275, 69 So. 554; Board of Revenue of Covington County v. Merrill, 193 Ala. 521, 68 So. 971.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.