Ann O'BAR

v.

TOWN OF RAINBOW CITY et al.

7 Div. 426.

Supreme Court of Alabama.

May 28, 1959.

248

Arthur Burns, Gadsden, for appellant.

Geo. Murphy and Jas. B. Waid, Gadsden, for appellees.

SIMPSON, Justice.

This is an appeal by Ann O'Bar, operator and owner of the Skyline Club, from a decree of the trial court declining to order and direct appellees, the Town Council and Mayor of Rainbow City, to rescind their revocation of the license of appellant to operate a night club and cafe in the town of Rainbow City.

The single issue presented by the pleadings is whether or not the action of the appellees in revoking appellant's license was arbitrary and an abuse of their discretion.

From the evidence which was heard ore tenus by the trial court it appears that on March 30, 1958 appellant was given written notice that at the regular meeting of the Town Council on April 4, 1959 and at a specified place, the Council would consider and vote upon the revocation of her license upon the ground that the public safety, peace, good order, or decency require it.

The hearing of the Town Council was held on April 4, at which time appellant was present and was represented by counsel. It further appears that witnesses appeared on behalf of appellant, as well as appellees, and a full hearing was had. After hearing the evidence, the Town Council unanimously voted to revoke appellant's license.

The evidence offered at the hearing in support of the revocation of appellant's license showed that upon a complaint being filed, two deputy sheriffs of Etowah County went to the Skyline Club, appellant's place of business, on December 6, 1957 and thereupon found two pints of vodka in appellant's hands. It further appears that Etowah County is a "dry" county. Evidence was also adduced that the Skyline Club was objectionable to residents of the community who lived in the vicinity of said club because of the loud music which is played there until two or three o'clock a. m., loud talking, hollering, and general boisterous disturbances.

Section 752, Tit. 37, Alabama Code 1940 provides that a city or town council shall have the right and power to revoke any and all licenses issued to any house of public entertainment when, in their judgment, the public safety, peace, and good order or decency may require it.

■ There is no contract, vested right or property in a license as against the power of a state or municipality to revoke it in a proper case. The license cannot, however, be arbitrarily revoked. Cavu Club v. City of Birmingham, Ala., 110 So.2d 307; City of Birmingham v. Bollas, 209 Ala. 512, 96 So. 591; Richardson v. Reese, 165 Tenn. 661, 57 S.W.2d 797; Friedland v. Ingersoll, 249 App.Div. 623, 291 N.Y.S. 32; 33 Am.Jur., Licenses, § 65; 53 C.J.S. Licenses § 42; 18 Ala.Lawyer 132, 137; 3 McQuillin, Mun.Corp., 2d Ed., 1108.

■ With respect to judicial review of the action of the official body intrusted with the duty of the revocation of licenses, its action should not be disturbed except for clear and manifest abuse of discretion. State ex rel. Bluemound Amusement Park v. Mayor of City of Milwaukee, 207 Wis. 199, 240 N.W. 847, 79 A.L.R. 281; 33 Am. Jur., Licenses, § 67; 53 C.J.S. Licenses § 44.

And where there is substantial evidence to support the action of the city governing authorities in the revocation of the license, it cannot be said that they acted arbitrarily or abused their discretion. Cavu Club v. City of Birmingham, supra; City of Chicago, Ill. v. Kirkland, 7 Cir., 79 F.2d 963.

■ Upon a review of the record we conclude that the action of the Town Council in revoking appellant's license was not without substantial evidence. See Cavu Club v. City of Birmingham, supra; see also Little Man's Club v. Schott, Fla.1952, 60 So.2d 624.

**250**

Appellant's application for rehearing was denied by the trial court and in said application appellant, for the first time, raised the question of the constitutionality of § 752, Tit. 37, Alabama Code 1940. Appellant, in brief, also urges that the statute is unconstitutional. It is clear that no appeal will lie from an order of the trial court on an application for rehearing in equity unless it modifies the final decree. Equity Rule 62, Tit. 7, Alabama Code 1940. And the decree overruling an application for rehearing is not subject to review by an assignment of error made on appeal from the final decree. Whitman v. Whitman, 253 Ala. 643, 46 So.2d 422; McNeil v. Hadden, 261 Ala. 691, 76 So.2d 160. We, therefore, pretermit any review of the question of the constitutionality vel non of said statute for that such question will be considered on appeal only when it is properly presented. See Coleman v. Mange, 238 Ala. 141, 189 So. 749; Lane v. Bruner, 236 Ala. 269, 182 So. 5; City of Talladega v. Ellison, 262 Ala. 449, 79 So.2d 551; Cooper v. State ex rel. Hawkins, 226 Ala. 288, 147 So. 432; Donaghey v. Owen, 259 Ala. 376, 66 So.2d 895.

Appellant also urges error on the part of the trial court in excluding certain evidence. We conclude that any error in the rejection of said evidence is error without injury. McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349; Monogram Hardware Co. v. Louisville & N. R. Co., 6 Ala.App. 629, 60 So. 949; Bryant v. Southern Railway Co., 137 Ala. 488, 34 So. 562; Lee v. Raiford, 171 Ala. 124, 54 So. 543; Armstrong v. Sellers, 182 Ala. 582, 62 So. 28.

No error is made to appear in the proceedings below.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.