126 So.2d 209

J. D. MAXWELL

v.

CITY OF BIRMINGHAM et al.

6 Div. 541.

Supreme Court of Alabama.

Jan. 12, 1961.

J. M. Breckenridge, Birmingham, for appellees.

Corretti & Newsom, Birmingham, for appellant.

MERRILL, Justice.

This appeal is from a final decree dissolving a temporary injunction and dismissing appellant's bill of complaint.

Appellant was a licensed master plumber in Birmingham. He was notified to appear before the Board of Plumbing Examiners for a hearing "concerning your Master

Plumber's Certificate of Competency." The reason for the hearing was the finding of answers to the plumbing examination in the office of a discharged Chief Plumbing Inspector. Most of the answers were correct. These answers had been compared with appellant's examination paper and there was a striking similarity. There were eighty-eight identical, word for word answers. The same incorrect answers on the sample were incorrect on appellant's examination. One answer required the words "sea level," and on each they appeared "see level."

At the conclusion of the hearing before the Board, appellant's license was revoked. The Board found that "Comparison of examination answers with other examination papers on file in the office of the Chief Plumbing Inspector shows, beyond a reasonable doubt that the examination was not fairly taken."

Appellant appealed to the City Commission under § 19 of the Plumbing Code. The Commission affirmed the finding of the Plumbing Board. He then filed a suit against the city and the Board, in equity, seeking to enjoin appellees from interfering with his business and restraining and enjoining them from refusing to issue plumbing permits to him, and seeking to have the master plumber's certificate of competency restored to him.

A temporary injunction was issued on December 10, 1957, and the cause was heard on January 18, 1960. The trial judge dissolved the temporary injunction and dismissed the bill of complaint. Appellant then appealed to this court.

■ Appellant does not question the legality of the proceedings, nor does he question the authority of any of the three tribunals hearing the matter. Section 18 of the Plumbing Code provides that licenses shall be suspended only after a "fair hearing," and appellant contends that this element was lacking in his first two hearings.

Appellant argues that he did not receive a fair hearing before the Plumbing Board. He argues first that the notice of the hearing was inadequate. The body of the notice reads:

"A hearing will be held by the Board of Plumbing Examiners on Friday, September 20, 1957 at 2 P.M., Room 811 City Hall, concerning your Master Plumbers Certificate of Competency.

"You are hereby requested to appear at this meeting."

Appellant contends that there was nothing in this letter "which would indicate directly or indirectly to the appellant that he was being called upon to defend himself against charges with reference to an examination which he took in 1955."

Neither appellant nor the Board were represented by attorneys at this hearing. The minutes of the hearing show that appellant had some thirty-two job permits which were incomplete, unfinished or in default. He was asked questions from the examination and he "failed to answer questions correctly verbally or give any indication that he knew the object of the questions." The similarity of the appellant's answers to examination questions to the other copy of answers was noted and appellant "could not explain to the Board the similarity." Appellant did not request a continuance, did not state that he desired counsel, was not refused the right to examine witnesses, and did not object to the hearing before the Plumbing Board.

The Board voted to revoke appellant's certificate of competency and granted him the right of re-examination as provided by the Plumbing Code. Appellant did not take the examination, but appealed to the City Commission as he had a right to do.

We cannot say that the original hearing was unfair or that the Board's action was arbitrary or capricious.

■ Appellant argues that the de novo hearing before the City Commission was

unfair in that Commissioner Waggoner refused to recuse himself and on account of a statement made by Mayor Morgan.

The record shows no reason given for appellant's request that Commissioner Waggoner recuse himself and no reason for the refusal to do so. The Plumbing Code authorized an appeal to the City Commission, and it is unthinkable that a member of that body would have to recuse himself merely because he was the executive in a department and had some knowledge of the matter before it was brought to him on appeal.

█ The question concerning Mayor Morgan arose after the similarity of the two sets of answers had been described and the following took place:

"Mr. Morgan: There is going to be some legal problems involved in this, and I think as far as I am concerned I would be willing to vote to sustain the Board and not go through the legal routine.

"Mr. Corretti: Without the right to cross examine?

"Mr. Breckenridge: I think the question of the right to cross examine before the Commission would be involved and we submit to the Commission he would be entitled to a hearing if he demanded it which he has demanded it.

"Mr. Corretti: I would like at this time for the record to show that the President of the City Commission of the City of Birmingham has stated he would be willing to sustain the Plumbing Board."

The statement by the mayor should not have been made at that time, and was premature because all the evidence had not been submitted. But it must be considered along with another statement he made:

"Mr. Morgan: The whole thing, as I understand the hearing, is within reason we feel that fraud has been committed here, or that these answers have been copied from a set pattern of answers from the Plumbing Inspector's Office, waiving the exact legal things you gentlemen go through with, if I am convinced that there has been fraud in there, that is the thing that I would rule on, not the technical matters."

The Commission went ahead and heard all the evidence and then unanimously affirmed the action of the Plumbing Examining Board.

We cannot agree that the statement by Mayor Morgan showed that the hearing was not a fair hearing.

In O'Bar v. Town of Rainbow City, 269 Ala. 247, 112 So.2d 790, 791, this court said:

"There is no contract, vested right or property in a license as against the power of a state or municipality to revoke it in a proper case. The license cannot, however, be arbitrarily revoked. Cavu Club v. City of Birmingham, [269] Ala. [46], 110 So.2d 307; City of Birmingham v. Bollas, 209 Ala. 512, 96 So. 591; Richardson v. Reese, 165 Tenn. 661, 57 S.W.2d 797; Friedland v. Ingersoll, 249 App.Div. 623, 291 N.Y.S. 32; 33 Am.Jur., Licenses, § 65; 53 C.J.S. Licenses, § 42; 18 Ala.Lawyer 132, 137; 3 McQuillin, Mun.Corp., 2d Ed., 1108.

"With respect to judicial review of the action of the official body intrusted with the duty of the revocation of licenses, its action should not be disturbed except for clear and manifest abuse of discretion. State ex rel. Bluemound Amusement Park v. Mayor of City of Milwaukee, 207 Wis. 199, 240 N.W. 847, 79 A.L.R. 281; 33 Am.Jur., Licenses, § 67; 53 C.J.S. Licenses § 44."

There was substantial evidence to support the finding of the City Commission.

Appellant does not argue that the hearing in circuit court was unfair. M. J. Sas-

ser, Chief of Inspection Services for the City of Birmingham, and Chairman of the Plumbing Examining Board, testified that he discussed the examination paper with appellant two or three weeks prior to the first hearing, and showed it to him; that he discussed some of his jobs that were as much as a year and a half old that he had not cleaned up; that at the hearing before the Board, questions were asked appellant from the examination and he failed to answer them correctly; that he (the witness) was present when the answers to the plumbing examination were found in a bookcase in the office of the former Chief Plumbing Inspector, that they were in that former official's handwriting; that appellant's written examination and the answers found in the bookcase were before the Board at the hearing and that examinations of two other plumbers were "very similar in comparison" with the answers which appellant was charged with copying.

Appellant testified in his own behalf before the circuit court, and denied copying the answers or that he had paid anyone for the information contained in the answers.

After the hearing, the court dissolved the temporary injunction and dismissed appellant's bill of complaint.

On appeal, this court does not weigh the evidence as regards its reasonably satisfying effect on the issue tendered, but in considering it, we indulge all favorable presumptions to sustain the trial court's conclusion and will not disturb it unless palpably erroneous or manifestly unjust. Martin v. Jones, 268 Ala. 286, 105 So.2d 860; Board of Zoning Adjustment for City of Lanett v. Boykin, 265 Ala. 504, 92 So.2d 906.

No reversible error has been argued in brief, and the decree is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.