[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 249 
Plaintiff-appellant, Annie Battle Gunnels, filed a declaratory judgment proceeding against her son and Dothan Federal Savings and Loan Association asking that she be declared the owner of certain funds on deposit with the Association. The trial court denied relief. We affirm.
In June, 1971, Annie Battle (Gunnels) inherited from her deceased husband, Monroe Battle, approximately $12,000.00. She and her son, William Wallace Jimmerson, in July, 1971, deposited $10,000.00 of the inheritance in the Dothan Savings and Loan Association, and both signed a contract of deposit "as joint tenants with right of survivorship and not as tenants in common, and not as tenants by the entirety." The signature card, signed by each of them, stated in part: "It is agreed by the signatory parties with each other and by the parties with you that any funds placed in or added to the account by any one of the parties are and shall be conclusively intended to be agift and delivery at that time of such funds to the other signatory party or parties to the extent of his or their pro rata interest in the account." A four-year certificate of deposit was issued to them and the signature card permitted withdrawal by either of them.
In May, 1974, Mrs. Battle began dating Mr. E.L. Gunnels. On June 4, they went to the First National Bank of Dothan and she changed a joint checking account of approximately $2,000.00 from her name and her son's name to her name. She and Gunnels then went to the Dothan Savings and Loan Association and she withdrew the $10,000.00 from the joint account and placed the money in an account solely in her name. That same night, Jimmerson was having dinner at his mother's home and discovered that the changes had been made in the checking and savings accounts. A "discussion" (son) or a "quarrel" (mother) followed. Either way, the next day, June 5, Mrs. Battle and Jimmerson went to the bank and Mrs. Battle withdrew the money she had in the checking account in her own name. They then went to the Dothan Savings and Loan Association, talked to Homer Carson, the then President of the Association, and opened a new savings account, which is the one involved in this suit. Jimmerson placed $1,766.45 of his own money in the account and his mother replaced the $10,000.00 she had withdrawn and changed the day before. The new account was a joint account with both signatures required for a withdrawal. The signature card contained the following:
 "* * * It is agreed by the signatory parties with each other and by the parties with you that any funds placed in or added to the account by any one of the parties is and shall be conclusively intended to be a gift at that time of such funds to the other signatory party or parties to the extent of his or their pro rata interest in the account. * * *"
On July 19, 1974, Mrs. Battle married Mr. Gunnels. This suit was filed August 30, 1974. At the time of trial, Mrs. Gunnels had the certificate of deposit. It was stipulated that the money involved came from Mr. Battle, and that her son, Wallace Jimmerson, was not related to Mr. Battle.
Mrs. Gunnels testified that on June 5, her son came to her home, "forced me to get dressed and to go back and put his name back on it." (The certificate of deposit.) Her son denied that he forced his mother to put the money back in a joint account, and testified that she made the suggestion that they go to the Dothan Savings and Loan Association to change the account.
Homer Carson testified that Mrs. Battle did not appear to be upset; that she requested the joint account be opened; that in his opinion, Mrs. Battle fully understood the transaction because the three of them *Page 250 
discussed the type of account desired before the signature card was signed, and that Mrs. Battle appeared to know what she was doing at that time. There was evidence that neither Mrs. Battle nor her son had ever made any withdrawal from the Dothan Savings and Loan Association account except the changes Mrs. Battle had made. Mrs. Battle (Gunnels) testified that she had never made a demand on either her son or the Association for the money. There was no evidence that any fraud was practiced on Mrs. Battle to get her to create either of the accounts.
The trial court, after listing the facts and conclusions in its opinion, denied the request for a declaratory judgment.
Before any right to a savings account deposit can be said to pass from a donor to a donee, there must be a donative intention. The donor must intend that either the legal or equitable title to the fund shall pass to the donee; and there must be some act performed by the donor which indicates his intention to vest in the donee some right to the property during the life of the donor. First National Bank of Birminghamv. Hammel, 252 Ala. 624, 42 So.2d 459. The intent of the donor, Mrs. Gunnels, was clearly stated in the provisions on the signature cards which she twice signed that it was "conclusively intended to be a gift."
The general rule of contract law is that when the parties reduce their agreements to writing, the writing is the sole expositor of the transaction and the intention of the parties, in the absence of mistake or fraud or ambiguity. Collier v.Brown, 285 Ala. 40, 228 So.2d 800.
One who has executed a written contract in ignorance of its contents cannot set up his ignorance to avoid the obligation in the absence of fraud or misrepresentation. Eley v. Brunner-LaySouthern Corp., Inc., 289 Ala. 120, 266 So.2d 276.
Here, there was no ambiguity and no evidence of mistake, fraud, misrepresentation, or deceit in the transaction. Mrs. Gunnels' contention that she was ignorant of the terms of the contract, without evidence of fraud or misrepresentation, cannot avoid the contract. It is settled that where there exists between the parties a written contract, parol evidence cannot be received to explain, contradict, vary, add to or subtract from its terms. Lightsey v. First National Bank ofBirmingham, 273 Ala. 416, 142 So.2d 681.
Appellant contends that since she always had possession of the certificate of deposit, there was no delivery of the money or the certificate from her to her son. Common sense teaches that a certificate of deposit cannot be manually possessed by two parties at the same time, and the co-owners with an equal right to possession of the evidence of title — the certificate of deposit — possession by one was possession for the benefit of both. This rule was stated in Graves v. Graves,42 Ill. App.2d 438, 192 N.E.2d 616 (1963), as follows:
 "* * * Each of the co-owners had an equal right to possession of the evidence of title, — the passbooks, — and since they could not all have manual possession of such at the same time, possession by one was possession for the benefit of all. * * *"
This rule is also stated in Estate of Hayes, 131 Ill. App.2d 563, 268 N.E.2d 501 (1971).
Finally, it is argued that "the trial court erred in not declaring the right of the parties to the money in question."
The following is the prayer, or in this instance, the demands of plaintiff:
"WHEREFORE, Plaintiff demands:
 "(1) That a judgment be entered herein declaring that she is legally entitled to said fund of approximately $12,000.00.
 "(2) That the Defendant Dothan Federal Savings and Loan Association be restrained and enjoined from paying said fund or any part thereof to the Defendant William Wallace Jimmerson or any person other than the Plaintiff. *Page 251 
"(3) That the Plaintiff have judgment for costs.
 "(4) That the Court grant unto the Plaintiff such other, further, or different relief as she may be entitled."
Paragraph (1) was denied; that made (2) and (3) inoperative. Paragraph (4) did not impose upon the trial court a duty to decide some question that might arise in the future but which was not raised in the instant case either by the pleadings or the evidence.
On appeal, this court does not weigh the evidence as regards its reasonably satisfying effect on the issue tendered, but in considering it, we indulge all favorable presumptions to sustain the trial court's conclusion and will not disturb it unless plainly erroneous or manifestly unjust. Maxwell v. Cityof Birmingham, 271 Ala. 570, 126 So.2d 209; Decker v. Hays,282 Ala. 93, 209 So.2d 378. The reasons to disturb are not here present.
AFFIRMED.
HEFLIN, C.J., and MADDOX, JONES and SHORES, JJ., concur.