ON APPLICATION FOR REHEARING
This Court's opinion of May 26, 1995, is hereby withdrawn and the following opinion is substituted therefor:
The plaintiffs, Mary Ivory, Walter Ivory, and Thelma Cherry, appeal from a summary judgment in favor of the defendants.
A summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Rule 56(c), A.R.Civ.P. The burden is on the party moving for a summary judgment to show that no genuine issue of material fact exists.Bird v. Auto Owners Ins. Co., 572 So.2d 394 (Ala. 1990). Once the moving party makes this showing, the burden shifts to the nonmoving party to present substantial evidence creating a genuine issue of material fact for trial. Bird, supra.
On May 10, 1991, a van owned by the Pickens County Community Action Headstart program (hereinafter "PCCAH") was involved in an accident with an automobile driven by Morris Wayne Barnett. Mary Ivory, an employee of PCCAH, was driving the van when Barnett drove into the lane where the van was located, thereby causing the accident. Barnett was under the influence of alcohol when the accident occurred. Mary Ivory and two passengers in the van, Walter Ivory and Thelma Cherry, were injured; they were traveling to a PCCAH-sponsored program when the wreck occurred.
At the time of the accident, PCCAH did not have a current insurance policy on the van. In early October 1989, PCCAH had contacted the Stokes Agency concerning an insurance policy on the van. The Stokes Agency, as an independent insurance agency, secured coverage for the PCCAH van with Landmark American Insurance Company, going through Landmark's general managing agent, Gulf Agency, Inc. The date of policy coverage was October 7, 1989, through October 7, 1990.
When it was time to renew an insurance policy, the Stokes Agency would send out a bill for the insurance premium. The Stokes Agency, which had many clients insured by the Gulf Agency, would wait until the Gulf Agency mailed it a bill for renewal; then, in turn, it would mail a bill to the insured. With regard to PCCAH's policy, the Gulf Agency failed to send a bill to the Stokes Agency. The Stokes Agency then failed to send a bill to PCCAH in order to renew its insurance contract. Thereafter, the policy on the van lapsed. The policy had provided for coverage in the event that an accident occurred with a driver who was uninsured or underinsured. Barnett, the driver who caused the accident, was uninsured. *Page 727 
Mary Ivory, Walter Ivory, and Thelma Cherry sued, along with others, the administratrix of Barnett's estate, the Gulf Agency, the Stokes Agency, Landmark American Insurance Company, and PCCAH, alleging breach of contract, bad faith failure to pay an insurance claim, negligent failure to procure insurance coverage, and misrepresentation. The trial court entered a summary judgment for Barnett's administratrix, the Gulf Agency, the Stokes Agency, and Landmark. According to the record, PCCAH did not file a summary judgment motion.
The plaintiffs appeal the summary judgment entered in favor of the Gulf Agency and the Stokes Agency. They discuss only their claim of a negligent failure to procure insurance coverage. Therefore, this Court is limited to reviewing the summary judgment as it relates to the Gulf Agency and the Stokes Agency based on the claim alleging a negligent failure to procure insurance. See Rule 28, A.R.App.P.
Apparently, the plaintiffs' theory of the case is that Landmark American Insurance Company and PCCAH should have had a valid insurance contract at the time of the accident and that it was through negligence on the part of Gulf Agency and subsequent negligence on the part of Stokes Agency that no such insurance contract existed. However, the plaintiffs failed to develop an argument as to why they have standing to sue the Gulf Agency and the Stokes Agency based on the failure of PCCAH to have an insurance contract with Landmark, which is necessary in order to impose liability on the Gulf Agency and the Stokes Agency. The Gulf Agency and the Stokes Agency are brokerage agencies that take insurance applications and submit them to insurance companies for acceptance or rejection of insurance coverage. The plaintiffs have offered no theory upon which a court could impose a duty owed to the plaintiffs for the Gulf Agency and the Stokes Agency to procure insurance for PCCAH. The plaintiffs have failed to address this necessary link. An appellant's argument should be a complete expression of the appellant's position regarding the stated issues. Spradlin v.Spradlin, 601 So.2d 76 (Ala. 1992).
Based on the foregoing, the judgment of the trial court is affirmed.
OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED.
MADDOX, HOUSTON, INGRAM, and BUTTS, JJ., concur.