BRYAN, Judge.
 

 PC & All, Inc., d/b/a Mac & More (“PC”), the plaintiff below, appeals from a judgment in favor of Gustavius Maxie and Lakesha McNeil, the defendants below. We reverse and remand.
 

 On September 25, 2009, PC sued Maxie and McNeil, alleging that Maxie and McNeil had breached a contract to pur
 
 *797
 
 chase two computers from PC and that Maxie and McNeil had converted those computers. Together with its complaint, PC filed a motion for a temporary restraining order (“TRO”) and for a preliminary injunction compelling Maxie and McNeil to preserve the computers pending the adjudication of PC’s action.
 

 On October 21, 2009, the trial court scheduled a hearing regarding PC’s motion for a TRO for November 17, 2009. Maxie and McNeil were served with process on October 26, 2009. On November 12, 2009, Maxie and McNeil’s attorney filed a notice of appearance and a pleading notifying the trial court that Maxie and McNeil’s attorney was scheduled to be trying a case in another court on the date scheduled for the hearing regarding PC’s motion for a TRO and moving the trial court to continue that hearing. On November 17, 2009, PC and its attorney appeared in open court for the hearing regarding PC’s motion for a TRO. When Maxie, McNeil, and their attorney failed to appear, the trial court entered a default judgment against Maxie and McNeil and granted PC leave to prove its right to relief within 15 days.
 

 On November 25, 2009, Maxie and McNeil filed an answer and counterclaim. That pleading does not include a certificate of service, and PC contends that it was not served with that pleading. On November 30, 2009, Maxie and McNeil moved the trial court to set aside the default judgment and filed a demand for a jury trial. On December 1, 2009, the trial court made a notation on the case-action summary stating “[djefault set aside, case set for hearing 12-15-09 @ 9:00,” and the clerk of the trial court mailed copies of that notation to the parties’ attorneys. On December 15, 2009, the trial court entered an order stating that the case had been called, stating that the parties had been present with their attorneys, and ordering that, “[ujpon hearing the representation and testimony w/o record, judgment is entered in favor of [Maxie and McNeil].”
 

 On January 13, 2010, PC moved the trial court to vacate that judgment on the ground, among others, that the trial court had not given PC adequate notice that the December 15, 2009, hearing would be a trial on the merits of the case. PC also moved the trial court to strike Maxie and McNeil’s answer on the grounds that Max-ie and McNeil had not served PC with their answer and had not included a certificate of service in their answer. In addition, PC moved the trial court to enter a default judgment against Maxie and McNeil on the ground that Maxie and McNeil had not properly answered or otherwise pleaded because, PC said, Maxie and McNeil had not served PC with their answer. Following a hearing, the trial court denied PC’s motions to vacate the judgment, to strike Maxie and McNeil’s answer, and to enter a default judgment against Maxie and McNeil. Thereafter, PC timely appealed to this court.
 

 The issues raised by PC are questions of law, which we review de novo.
 
 See Davis v. Hanson Aggregates Southeast, Inc.,
 
 952 So.2d 330, 334 (Ala.2006). First, PC argues that the judgment of the trial court should be reversed because, PC says, the trial court did not give PC adequate notice that the December 15, 2009, hearing would be a trial on the merits. In pertinent part, Rule 40, Ala. R. Civ. P., provides:
 

 “(a) Setting of Cases.
 
 The trial of actions shall be set by entry on a trial docket or by written order at least sixty (60) days before the date set for trial, subject to the following exceptions:
 
 (1) where, when the interests of justice require, the court continues the trial to a date that is less than sixty (60) days from a previously set trial date that, was
 
 *798
 
 set in compliance with this rule; (2) where a shorter period of time is available under the provisions of Rule 55[, Ala. R. Civ. P.] (‘Default’); (3)
 
 where a shorter period is available under the provisions of Rule 65
 
 [, Ala. R. Civ. P.] (‘Injunctions’); (4) where a shorter period of time serves the ends of justice in domestic relations cases; (5) where a shorter period of time selves the ends of justice in a habeas corpus or other similar proceeding where the liberty interest of an individual is at issue; (6) where an action has been appealed to the circuit court for de novo review, in which event the time period between setting and trial date shall be at least thirty (30) days; and (7) where a shorter period of time is otherwise provided by law or these rules or agreed to by all parties.”
 

 (Emphasis added.) In pertinent part, Rule 65(a)(2), Ala. R. Civ. P., provides that, “[bjefore or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application.”
 

 In
 
 Isler v. Isler,
 
 870 So.2d 730 (Ala.Civ.App.2003), James Paul Isler (“the husband”) sued Halee Denise Isler (“the wife”) for a divorce on January 18, 2002. On February 5, 2002, the wife filed three motions: (1) a motion for a TRO, (2) a motion for a protective order, and (3) a motion for temporary custody of the parties’ child. On February 7, 2002, two days after the wife had filed her motions, the trial court made a notation on the case-action summary, stating “ ‘[t]his case is set for hearing on March 1, 2002 at 8:30 AM.’ ” 870 So.2d at 731. Between February 7, 2002, and March 1, 2002, the wife answered the husband’s complaint and asserted a counterclaim against the husband, and the husband answered the wife’s counterclaim. At the hearing on March 1, 2002, the trial court, over the wife’s objection, proceeded to conduct the trial on the merits of the action. Thereafter, the trial court entered a final judgment, and the wife appealed to this court. Although Rule 40(a)(4) authorizes a trial court to shorten the time for notice of the trial setting “where a shorter period of time serves the ends of justice in [a] domestic relations case[],” this court nonetheless reversed the judgment of the trial court. We explained:
 

 “We conclude that the trial court abused its discretion in shortening the time for notice of the trial setting; under the particular facts of this ease, the notice shortening the time for trial did not sufficiently inform the wife that the trial court had shortened the time for trial and that it intended to conduct a trial on the merits on March 1, 2002.”
 

 870 So.2d at 735.
 

 Like the notice at issue in
 
 Isler,
 
 which merely stated that “ ‘[t]his case is set for hearing on March 1, 2002 at 8:30 AM,’ ” 870 So.2d at 731, the notice in the action now before us, which merely stated “[d]e-fault set aside, case set for hearing 12-15-09 @ 9:00,” did not sufficiently inform PC that the trial court had shortened the time for notice of a trial on the merits. Accordingly, we reverse the judgment of the trial court and remand the action to the trial court for further proceedings consistent with this opinion.
 

 PC also argues that the trial court erred in denying its motion to strike Maxie and McNeil’s entire answer because, PC says, Maxie and McNeil failed to serve the answer on PC and failed to include a certificate of service as required by Rules 5(a) and (d), Ala. R. Civ. P. However, PC has cited no legal authority supporting the proposition that Maxie and McNeil’s failure to comply with Rules 5(a)
 
 *799
 
 and (d) justifies the striking of their answer. “We have unequivocally stated that it is not the function of this Court to do a party’s legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.
 
 Spradlin v. Spradlin,
 
 601 So.2d 76 (Ala.1992).”
 
 Dykes v. Lane Trucking, Inc.,
 
 652 So.2d 248, 251 (Ala.1994). Therefore, we decline to consider this argument made by PC.
 

 Finally, PC argues that the trial court erred in denying PC’s motion to strike Maxie and McNeil’s answer because, PC says, Maxie and McNeil’s answer named a nonparty as a plaintiff in the action. However, we decline to consider this argument because the record does not indicate that PC presented it to the trial court.
 
 See Andrews v. Merritt Oil Co.,
 
 612 So.2d 409, 410 (Ala.1992) (“This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.”).
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
 

 MOORE, J., concurs in the result, without writing.